E-FILED
Thursday, 10 January, 2019 11:53:34 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| EUGENE TERRELL HANKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>LARRY BECK, et al.,<br><br>    Defendants. | 18-CV-3277 |

**MERIT REVIEW OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge.**

Plaintiff proceeds pro se from his incarceration in Lincoln Correctional Center about incidents in the Sangamon County Jail. His Complaint is before the Court for a merit review pursuant to 28 U.S.C. § 1915A. This section requires the Court to identify cognizable claims stated by the Complaint or dismiss claims that are not cognizable.[1] In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor and taking Plaintiff's pro se status into account.

---

[1] A prisoner who has had three prior actions dismissed for failure to state a claim or as frivolous or malicious can no longer proceed in forma pauperis unless the prisoner is under "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is plausible on its face.'" Alexander v. U.S., 721 F.3d 418, 422 (7th Cir. 2013)(quoted cite omitted).

In the Sangamon County Jail, on November 1, 2017, Plaintiff was attacked by his cellmate as the two were passing each other in the cell entrance. Both sides of Plaintiff's jaw were broken, and Plaintiff spent over six weeks in the hospital. Defendant Dr. Matthew Johnson, an oral surgeon at Memorial Medical Hospital, performed surgery, but Plaintiff still cannot speak properly, has uncontrollable drooling, damaged vocal chords, difficulty swallowing, and a restricted ability to move his mouth. Dr. Johnson recommended speech therapy and a neurologist, but Plaintiff received no further treatment.

Plaintiff alleges that, several weeks before the attack, he informed Defendant Sergeant Kirby that Plaintiff felt threatened by Plaintiff's roommate. Plaintiff allegedly received no response. Liberally construed, Plaintiff also alleges that systemic practices make the Jail unsafe, such as the failure to staff certain areas.

At this early stage, the Court cannot rule out constitutional claims for failure to protect and failure to adequately treat Plaintiff's serious medical needs. Determining which Defendants might be personally responsible for those alleged failures should await a developed record.

However, no plausible inference arises that Dr. Johnson, the oral surgeon, is a state actor under 42 U.S.C. § 1983. Shields v. IDOC, 746 F.3d 782 (7th Cir. 2014)(SIU doctors who saw inmate one time for consult were not state actors). Only state actors can be sued for constitutional violations. If Plaintiff means to pursue a state law malpractice claim against Dr. Johnson, state law requires Plaintiff to file an affidavit and report by a medical professional concluding that the malpractice claim has merit. 735 ILCS 5/2-622(a). Dr. Johnson will be dismissed without prejudice to reinstatement with the required affidavit and report.

The State of Illinois will also be dismissed. The Eleventh Amendment bars a lawsuit like this against the State of Illinois, and, in any event, the Sangamon County Jail is not operated by the State of Illinois.

Defendant "Sangamon County Jail Staff" is not a suable Defendant, but the Court assumes that Plaintiff means unidentified individuals.  Plaintiff will need to identify these individuals and explain how each was involved if Plaintiff seeks to add them as Defendants.

Sangamon County will be added as a Defendant to the extent Plaintiff pursues a claim for unconstitutional practices/policies that caused the alleged dangerous risk of inmate attacks.  Sangamon County is also added for purposes of indemnification.

**IT IS THEREFORE ORDERED:**

1) Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states constitutional claims for failure to protect and failure to provide adequate medical care.  This case proceeds solely on the claims identified in this paragraph.  Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2) Defendant Dr. Johnson is dismissed without prejudice for failure to state a federal law claim and for failure to attach the affidavit and report required for a state law claim of malpractice.

3) The State of Illinois is dismissed.

4) Sangamon County is added as a Defendant.

5) This case is now in the process of service. Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions in order to give Defendants notice and an opportunity to respond to those motions. Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

6) The Court will attempt service on Defendants by mailing each Defendant a waiver of service. Defendants have 60 days from the date the waiver is sent to file an Answer. If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

7) With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed by the Clerk.

8) Defendants shall file an answer within 60 days of the date the waiver is sent by the Clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Opinion. In general, an answer sets forth Defendants' positions. The Court does not rule on the merits of those positions unless and until a motion is filed by Defendants. Therefore, no response to the answer is necessary or will be considered.

9) This District uses electronic filing, which means that, after Defense counsel has filed an appearance, Defense counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defense counsel copies of motions and other papers that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not

filed with the Clerk.  Plaintiff must mail his discovery requests and responses directly to Defendants' counsel.  Discovery requests or responses sent to the Clerk will be returned unfiled, unless they are attached to and the subject of a motion to compel.  Discovery does not begin until Defense counsel has filed an appearance and the Court has entered a scheduling order, which will explain the discovery process in more detail.

    10)   Counsel for Defendants is hereby granted leave to depose Plaintiff at his place of confinement. Counsel for Defendants shall arrange the time for the deposition.

    11)   Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to notify the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.

    12)   If a Defendants fails to sign and return a waiver of service to the clerk within 30 days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

13) Within 10 days of receiving from Defendants' counsel an authorization to release medical records, Plaintiff is directed to sign and return the authorization to Defendants' counsel.

**14) The clerk is directed to terminate the State of Illinois and Dr. Johnson.**

**15) The clerk is directed to add Sangamon County as a Defendant.**

16) **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

17) **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

ENTERED:   January 10, 2019

FOR THE COURT:

__s/Sue E. Myerscough__<br>SUE E. MYERSCOUGH<br>UNITED STATES DISTRICT JUDGE